# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | |
| Michael Fegley | ) | Case No.  5:23-MJ-499 (ATB) |
| | ) | |
| **Defendant(s)** | ) | |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Sep 11 - 2023
John M. Domurad, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of September 9, 2023 in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Attempting to entice a minor to engage in sexual activity |
| 18 U.S.C. § 2423(b) | Travel within interstate commerce with a motivating purpose to engage in illicit sexual conduct |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

**LINDSEY R VALENTINO**
Digitally signed by LINDSEY R VALENTINO
Date: 2023.09.11 13:44:35 -04'00'

*Complainant's signature*

Lindsey R. Valentino, HSI Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   9/11/2023

*Judge's signature*

City and State:   Syracuse, NY        Hon. Andrew T. Baxter, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, LINDSEY R. VALENTINO, being duly sworn, depose and state the following:

**I.   INTRODUCTION AND AGENT BACKGROUND**

1. Your affiant is a Special Agent employed by Homeland Security Investigations (HSI) since September 2019.  Your affiant successfully completed the Criminal Investigatory Training Program and the HSI Special Agent Training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, where your affiant received training in child exploitation investigations. Prior to working as a Special Agent, your affiant was a United States Border Patrol Intelligence Agent (BPAI) and a Task Force Officer (TFO) with HSI's Border Enforcement Security Task Force (BEST) in Massena, New York. Your affiant has investigated and assisted in the prosecution of child exploitation related crimes, and your affiant has executed several search warrants for various state and federal felony crimes. Prior to working as an intelligence agent and a TFO, your affiant was a United States Border Patrol Agent in Massena, New York and San Diego, California. Your affiant received their Bachelor of Science Degree in Criminal Justice from Medaille College in Buffalo, New York. Your affiant has investigated criminal violations involving the exploitation of minors, including violations of Title 18, United States Code, Sections 2422(b) (coercion and enticement) and 2423(b) (travel with intent to engage in illicit sexual conduct).

2. As a federal agent, I am authorized to investigate violations of United States law and to execute warrants issued under the authority of the United States.

3. This affidavit is made in support of an application for a criminal complaint charging Michael FEGLEY Jr. with a violation of Title 18, United States Code, Section 2422(b), for attempting to entice a minor to engage in sexual activity, and a violation of Title 18, United States Code, Section 2423(b), for travel within interstate commerce with a motivating purpose to engage in illicit sexual conduct.

4. The statements contained in this affidavit are based upon my investigation and information provided to me by other agents. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I have set

forth only the facts that I believe are necessary to establish probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2422(b) and 2423(b).

**II.     THE INVESTIGATION AND PROBABLE CAUSE**

5.      On August 25, 2023, your affiant created a post on a social media website stating that I was a thirteen-year-old child (the "child") that lived New York and was recently kicked out of my house. The post made it clear that the child was thirteen years old and female.

6.      Shortly after making the post, a user with the screen name "LarryGumball" responded and started to offer his assistance. LarryGumball later identified himself as "Michael," and I confirmed through further investigation that his full name is Michael FEGLEY Jr. ("FEGLEY").

7.      On the social media site, FEGLEY urged the child to transition to a private messaging application to continue speaking.

8.      During the conversation, FEGLEY offered to allow the child to live with him in Florida. FEGLEY made it clear that he could drive from Florida to New York to pick up the child.

9.      From August 25, 2023, through September 10, 2023, FEGLEY a messaging application to send numerous text messages to the child that were sexual in nature. FEGLEY suggested that, in exchange for allowing the child to live with him, she would have to engage in sexual intercourse, oral sexual conduct, and anal sexual conduct with him on demand. FEGLEY described this arrangement as "freeuse" and told the child that she would be required to wear only a t-shirt or sweatshirt around the house without any underwear so that he could have sex with her whenever he desired.

10.     FEGLEY also discussed his "kinks" including "rapekink," which he described as consensual/non-consensual sexual intercourse. Multiple times he asked the child to think of a "safe word" that she could use when they were engaged in "rapekink" because, while he would use force and be violent, he did not want to physically hurt her.

11.     FEGLEY also discussed impregnating the child and expressed his interest in having a baby with the child.

12. During the conversation, FEGLEY told the child he wanted her to live with him and that he would provide her clothes, food, and an opportunity to earn her GED online while she lived in his home. After talking for several weeks, FEGLEY offered to come to the Syracuse area to pick up the child and take her back to Florida. FEGLEY stated that he was going to drive north, pick up the child, and then return to Florida.

13. FEGLEY engaged in these discussions with the child in an attempt to persuade, induce or entice the child to engage in sexual activity for which any person can be charged with a criminal offense.

14. On September 9, 2023, FEGLEY left his townhome in Florida and started driving towards Syracuse, New York to meet the child—a person whom he believed was thirteen-years old. FEGLEY drove approximately 19 hours and 30 minutes, and arrived in Clay, New York on September 10, 2023, at approximately 7:55 a.m. FEGLEY documented his trip from Tampa, Florida to Clay, New York by sending photos of gas stations he utilized to put fuel in his vehicle. FEGLEY also documented his trip by sending photos to the child from his Global Positioning System (GPS) Map Application. The photos included cross streets and his intended arrival to Clay, New York. FEGLEY traversed through at least eight states during his trip using interstate highways that are critical to interstate commerce.

15. When law enforcement encountered FEGLEY at approximately 8:00 a.m. on September 10, 2023, he was in a Toyota SUV, registered to him, at the meeting location he and the child agreed upon. During a consensual search of FEGLEY's vehicle, law enforcement found motion sickness medication, lollipops, a red sweatshirt with white lettering, and blue t-shirts. These items were brought by FEGLEY in response to specific requests in the chats with the child.

16. FEGLEY was advised of his *Miranda* rights and agreed to waive those rights and be interviewed. During the interview, FEGLEY admitted to believing that he was talking to a thirteen-year-old. FEGLEY admitted that he traveled to New York for the purpose of picking up the child and taking her back to Florida to live with him. FEGLEY also stated he attempted to make a previous trip to New York from Florida, but he did not complete that trip. FEGLEY stated his intention of meeting with the child was to give her shelter and a place to stay at his home in Florida. FEGLEY stated he intended to have a romantic

and intimate relationship with the child. FEGLEY admitted to telling the child to not bring her cellphone with her when she met with him, because he did not want her to have any traceable electronic devices. FEGLEY described the sexual kink known as "freeuse" as sex at any time and admitted to discussing that with the child during his chats.

17. Based on my training and experience, FEGLEY was clear in his intentions to engage in sexual contact with the child after traveling from Florida to New York in interstate commerce.

18. The acts which FEGLEY intended to engage in with the child, a person whom he believed to be a thirteen-year-old girl as set forth above, would constitute, among others, the following crimes under New York State Penal Law and Florida Penal Law:

   a. New York State Penal Law § 130.45(1) (Criminal Sexual Act in the Second Degree): "A person is guilty of criminal sexual act in the second degree when: being eighteen years old or more, he or she engages in oral sexual conduct or anal sexual conduct with another person less than fifteen years old."

   b. New York State Penal Law § 130.60(2) (Sexual Abuse in the Second Degree): "A person is guilty of sexual abuse in the second degree when he or she subjects another person to sexual contact when such other person is . . . [l]ess than fourteen years old."

   c. New York State Penal Law § 130.30(2) (Rape in the Second Degree): "A person is guilty of rape in the second degree when: being eighteen years old or more, he or she engages in sexual intercourse with another person who is less than fifteen years old."

   d. Florida Penal Law § 794.011(5)(a) (Sexual Battery): "person 18 years of age or older who commits sexual battery upon a person 12 years of age or older but younger than 18 years of age, without that person's consent, and in the process does not use physical force and violence likely to cause serious personal injury commits a felony of the first degree."

### III. CONCLUSION

19. There is probable cause to conclude that, between August 25, 2023, and September 10, 2023, FEGLEY knowingly attempted to persuade, induce or entice a child who he believed was thirteen

years old to engage in sexual activity for which any person can be charged with a criminal offense in violation of Title 18, United States Code, Section 2422(b). There is probable cause to believe that on September 9 and 10, 2023, FEGLEY traveled in interstate commerce with a motivating purpose to engage in illicit sexual conduct with a child who he believed was thirteen years old, in violation of Title 18, United States Code, Section 2423(b).

ATTESTED TO BY THE AFFIANT IN ACCORDANCE WITH RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

LINDSEY R VALENTINO
Digitally signed by LINDSEY R VALENTINO
Date: 2023.09.11 13:56:55 -04'00'

Lindsey R. Valentino
Special Agent
Homeland Security Investigations

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on September 11, 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Andrew T. Baxter
U.S. Magistrate Judge